**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                             **Case No. 90-CR-62**

**JAMES O'CONNOR,**
        **Defendant.**

## DECISION AND ORDER

Defendant James O'Connor filed a "Motion Seeking Court Approval of Settlement Agreement with Victim and Order Setting Aside Restitution Order and Order Releasing Lien Against Property." In the motion, he states that he has reached a settlement with the victim of his crime, which provides for a lump sum payment of $10,000 upon entry of an order by the court setting aside the $66,000 restitution order entered in the case in 1990 and directing the government to release a lien on certain property.[1]

I lack jurisdiction to set aside a judgment entered more than seventeen years ago. Rule 35 of the Federal Rules of Criminal Procedure, both in its present incarnation and the version in effect in 1990, imposes strict time limits on a court's ability to correct or reduce a sentence. See United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000); see also 18 U.S.C. § 3664(o) (providing that a sentence including an order of restitution is a final judgment, notwithstanding the fact that the district court may correct the sentence under Rule 35 or modify the payment schedule under

---

[1] Judge Curran sentenced defendant. The case has been reassigned to me on Judge Curran's retirement.

§ 3664(k), or the court of appeals may reverse or modify the sentence under § 3742). In his reply brief, defendant states that he is not seeking a reduction or modification of his sentence under Rule 35, simply the approval of a settlement agreement. Defendant may enter into whatever private agreements he wishes; he needs no approval from this court to do so. What he does ask of the court is an order setting aside the restitution order in his criminal case and directing the government to release its lien. He provides no jurisdictional basis for such an order.[2] The court's inherent powers in criminal cases are limited by the requirements of finality contained in Fed. R. Crim. P. 35.

**THEREFORE, IT IS ORDERED** that the motion (R. 207) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2] Nor does he allege that the restitution order was inaccurate.